IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 11 C 8355 |
| | ) | |
| ELGIN CURB. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Elgin Curb's (Curb) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is dismissed.

## BACKGROUND

On September 8, 2008, Curb pled guilty to Count I of the indictment in case number 06 CR 324. On June 3, 2009, Curb was sentenced to 270 months of imprisonment. On December 13, 2011, based on an amendment to the sentencing guidelines, Curb's sentence was reduced to 235 months of imprisonment. Curb now moves to have his sentence vacated pursuant to Section 2255.

**LEGAL STANDARD**

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

**DISCUSSION**

Curb argues: (1) that the Government committed prosecutorial misconduct, and (2) that his trial and appellate counsel were ineffective. This court has liberally construed Curb's *pro se* filings. *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe

the pleadings of individuals who proceed *pro se*").

I. Prosecutorial Misconduct Allegations

Curb contends that the Government committed prosecutorial misconduct.

A. Testimony By Harris

Curb contends that the Government failed to correct testimony by Lamont Harris (Harris) that the Government knew to be false and misleading. In order to establish prosecutorial misconduct based on the submission of perjured testimony, a defendant must show that: "(1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001); *see also United States v. Freeman*, 650 F.3d 673, 683 (7th Cir. 2011)(stating that "[t]he inquiry is two-fold: first, whether there was prosecutorial misconduct; second, whether it prejudiced the defendant").

On January 13, 2009, the court held an evidentiary hearing on the issue of whether Curb should receive a managerial enhancement to his offense level at sentencing. The Government presented testimony by Harris at the hearing. Curb has

failed to point to any evidence showing that Harris presented false or misleading testimony or that the Government knowingly allowed Harris to present false or misleading testimony. The mere fact that Curb disputes the truthfulness of Harris' testimony is not sufficient to show prosecutorial misconduct. Finally, even if Curb could show that false or misleading testimony was given by Harris, Curb has not shown that the Government was aware of it or that it would have impacted the court's ruling concerning the managerial enhancement.

      B. Government's Position as to Hemphill

Curb also argues that the Government committed prosecutorial misconduct, contending that the Government selectively asked the court to apply the managerial enhancement under the sentencing guidelines during his sentencing. Curb contends that the Government requested a managerial enhancement at Curb's sentencing, but did not request such an enhancement for Co-Defendant Almonetta Hemphill (Hemphill). However, each Defendant is sentenced according to his or her personal characteristics and facts specific to them. Curb has not pointed to any prosecutorial misconduct by the Government relating to its position at Hemphill's sentencing. In addition, it was the court, not the Government, that decided whether Curb should receive the managerial enhancement. Therefore, Curb has not shown any

4

prosecutorial misconduct on the part of the Government.

II. Effectiveness of Trial Counsel

Curb contends that his trial counsel was ineffective. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and that "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance")(quoting in part *Strickland*, 466 U.S. at 689).

    A. Prosecutorial Misconduct Argument

Curb contends that his trial counsel was ineffective for failing to raise the prosecutorial misconduct argument. However, as indicated above, such an argument had no merit. Thus, Curb's trial counsel was not ineffective for deciding not to argue that the Government had committed prosecutorial misconduct.

5

B. Calling Agent as Witness

Curb argues that his trial counsel was ineffective because he decided not to call a certain case-agent (Agent) as a witness. In regard to the decision of what witnesses to present at trial, such decisions are generally within the professional discretion of counsel. *See, e.g., Strickland,* 466 U.S. at 688. Curb has not shown that the decision to not call the Agent was beyond the bounds of effective assistance of counsel. Curb's belief that the Agent would have testified in a manner that, in balance, would have benefitted Curb's case is merely speculative. Thus, Curb has not shown that his trial counsel was ineffective for deciding not to call the Agent as a witness.

C. Calling Curb as Witness

Curb also argues that his trial counsel should have called Curb to testify during the evidentiary hearing on the issue of the managerial enhancement. However, Curb himself acknowledges that there were certain risks associated with calling him as a witness, admitting for example that if he were called the Government could have sought to impeach him by introducing his criminal record. (Mem. 10). The decision of whether to call Curb as a witness was a strategic decision, and Curb has not shown that the decision was beyond the bounds of

6

effective assistance of counsel. *See Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011)(stating that "[t]o reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "[t]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy")(internal quotations omitted); *Toliver v. McCaughtry*, 539 F.3d 766, 775 (7th Cir. 2008)(stating that "[a]fter conducting an investigation (or making a reasonable decision that investigation is unnecessary), counsel may make a legitimate strategic decision not to call a witness if he makes a determination that the testimony the witness would give might on balance harm rather than help the defendant")(internal quotations omitted)(quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)). Thus, Curb has not shown ineffective assistance of counsel relating to the decision not to call Curb as a witness.

### D. Introduction of Plea Agreements, Statements, and Chart

Curb argues that his trial counsel was ineffective because he introduced plea agreements, statements of non-testifying co-defendants, and a chart depicting certain

information from the agreements and statements. However, the decision of whether to introduce such materials was a strategic decision by his counsel. As Curb himself acknowledges, there were potential benefits associated with the introduction of such evidence that needed to be weighed against potential harms to Curb's case. (Mem. 12). The mere fact that, in hindsight, after the court applied the managerial enhancement, Curb believes that it would have been better not to introduce the materials does not establish ineffective assistance of counsel. *See Yu Tian Li*, 648 F.3d at 527-28. In addition, even without the introduction of the plea agreements, statements of non-testifying co-defendants, and the chart, the court would have had sufficient evidence to find that the managerial enhancement applied to Curb. Further, all the information in the plea agreements, statements of non-testifying co-defendants, and the chart could have been introduced by the Government if Curb's counsel had not done so. Thus, Curb has not shown ineffective assistance of counsel relating to the introduction of plea agreements, statements of non-testifying co-defendants, or the chart.

E. Motion for Reconsideration

Curb argues that his trial counsel was ineffective because he did not file a motion for reconsideration of the court's ruling on the managerial enhancement

issue. However, there was no legitimate basis to file a motion for reconsideration. The court conducted a full evidentiary hearing on the managerial enhancement issue and the parties filed memorandums addressing the issue. Curb has not shown that he possessed any new arguments or evidence that could not have been presented prior to the evidentiary hearing and the court's ruling. Nor has Curb provided a basis to conclude that the court committed manifest error. Thus, Curb has not shown ineffective assistance of counsel relating to his trial counsel's decision not to file a motion for reconsideration.

### F. Downward Departure

Curb argues that his trial counsel was ineffective because he did not seek a downward departure at sentencing based on the Government's position in the case against Hemphill. However, as indicated above, each defendant is sentenced according to his or her personal characteristics and facts specific to each defendant. Curb has not pointed to any basis under the sentencing guidelines that would have provided a basis for a downward departure. To the extent that Curb seeks to argue that there was a sentencing disparity between himself and Hemphill, the court, in sentencing Curb and Hemphill, took into consideration all factors, including the need to avoid unwarranted sentencing disparities. Hemphill was sentenced based on the

9

specific facts related to the case against her.  Thus, Curb has not shown ineffective assistance of counsel relating to the decision not seek a downward departure at sentencing based on the Government's position in its case against Hemphill.

G.  Totality of Actions

Curb argues that his trial counsel was ineffective based on the totality of the mistakes that Curb contends were made by his trial counsel.  However, Curb has not shown that any mistakes were made by his trial counsel or that his trial counsel acted in any way outside of the scope of professional representation.  The court has considered the totality of the facts in this case, including Curb's allegations of mistakes by his trial counsel, and Curb has not shown that his trial counsel was ineffective.

H.  Appellate Counsel

Curb argues that his appellate counsel was ineffective because he did not argue on appeal that trial counsel was ineffective.  However, as indicated above, there was no legitimate basis to argue ineffective assistance by trial counsel.  Thus, Curb has not shown that his appellate counsel was ineffective.

Based on the above, it is clear from the Section 2255 motion that Curb is not entitled to relief. There is no indication in the record that there was a sentence imposed in violation of the Constitution or laws of the United States. Therefore, the Section 2255 motion is dismissed.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is dismissed and the Clerk of Court is directed to notify Curb of this dismissal.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 10, 2012